**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)**

_____

| | |
|---|---|
| **WILLIAM E. CHAPMAN**, ) | |
| 7720 Tremayne Place, Unit 101 ) | |
| McLean, VA 22102, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. _____ |
| ) | |
| v. ) | |
| ) | |
| **STEVEN T. MNUCHIN**, Secretary ) | |
| United States Department of the Treasury ) | Jury Demanded |
| 1500 Pennsylvania Avenue, NW ) | |
| Washington, D.C. 20220, ) | |
| ) | |
| Serve: Office of the Chief Counsel ) | |
| Internal Revenue Service ) | |
| 1111 Constitution Avenue, NW ) | |
| Room 6404, CC:GLS ) | |
| Washington, DC 20224, ) | |
| ) | |
| Serve: Jefferson Sessions ) | |
| Attorney General for the United States ) | |
| c/o Designated Representative ) | |
| United States Department of Justice ) | |
| 950 Pennsylvania Avenue, N.W. ) | |
| Washington, D.C. 20530-0001 ) | |
| ) | |
| Serve: Karl A. Racine ) | |
| Attorney General for the District of Columbia ) | |
| c/o Designated Representative ) | |
| United States Attorney's Office ) | |
| 555 Fourth Street, N.W. ) | |
| Washington. D.C. 20530 ) | |
| ) | |
| Defendant. ) | |

_____)

## **COMPLAINT**

**COMES NOW** Plaintiff, William E. Chapman (hereinafter "Plaintiff" or "Mr. Chapman"),

by and through his undersigned counsel, and sues Steven T. Mnuchin, Secretary, of the United

States Department of Treasury (hereinafter "Treasury" or "Defendant") in his official capacity as

Secretary of Treasury, and for cause of action states, as follows:

## NATURE OF THE CASE

1.      Plaintiff William Chapman (hereinafter "Plaintiff" or "Mr. Chapman") brings this

civil action pursuant to Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), as

amended, 42 U.S.C. § 2000e, *et seq*., and 42 U.S.C. § 1981a for relief from Defendant's

unlawful discrimination of Mr. Chapman on the basis of his race (African American), sex

(Male), and being subjected to a hostile work environment during the course of his employment

with the Department of Treasury – Internal Revenue Service.

2.      Defendant Treasury discriminated against Plaintiff on the basis of his race

(African American), sex (male), and subjected him to a hostile work environment during the

relevant time period.

## PARTIES

3.      Plaintiff is currently domiciled at 7720 Tremayne Place, Unit 101, McLean, VA

22102.  Plaintiff is a resident of the State of Virginia and is a United States citizen. At all

relevant times, Plaintiff was an employee of the Department of the Treasury, Internal Revenue

Service.

4.      Defendant Secretary Steven T. Mnuchin ("Defendant" or "Secretary Mnuchin") is

being sued in his official capacity as the Secretary for the United States Department of the

Treasury ("the Agency").

5.      Defendant is directly liable for the discriminatory acts or omissions of its agents,

servants and employees while acting within the course and scope of their employment, under the

theory of *Respondeat Superior*.

## JURISDICTION

6.      This Honorable Court has jurisdiction over this Complaint pursuant to 28 U.S.C.

§ 1331, as it asserts a claim that arises under the Constitution, laws, or treaties of the United

States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et*

*seq*.

7.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §

1343.

## VENUE

8.      Venue is appropriate and based on the fact that a substantial part of the actions

complained of are the result of actions and the employment practices of the Defendant, an

Agency of the federal government that operates within the District of Columbia, and occurred in

the District of Columbia. 28 U.S.C. § 1391. Venue is further proper in this district because there

is no other district in which this action may otherwise be brought. *Id*.

## EXHAUSTION OF REMEDIES

9.       Plaintiff has exhausted all of his administrative remedies.

10.     On or about November 2, 2012, Mr. Chapman timely filed an informal complaint

of discrimination.

11.     On or around January 17, 2013, Mr. Chapman timely filed a formal complaint of

discrimination with the Agency's EEO office, which was investigated by the Agency.  *See*

Agency Case No. IRS-13-0100-F.

12.     After the investigation of his EEO complaint, Plaintiff timely requested a Hearing

before the United States Equal Employment Opportunity Commission ("EEOC").  *See* EEOC

No. 570-2014-00302X.

13.     On or about August 26, 2014, Administrative Judge Kurt Hodges issued the Acknowledgement Order. *See Id.*

*14.*     On or around January 14, 2015, Administrative Judge Hodges issued a Notice of Intent to Issue a Decision without Hearing, which ordered Mr. Chapman to file an Opposition on or before January 30, 2015. *See Id.*

15.     On or about January 30, 2015, Mr. Chapman filed his Opposition, to which the Agency replied on February 6, 2015. *See Id.*

*16.*     On or about February 19, 2016, the EEOC issued an Order Entering Judgment, granting the Agency's Summary Judgment Motion. *See Id.*

17.     On or about March 18, 2016, Mr. Chapman timely filed his appeal of the Agency's Final Agency Decision ("FAD") to the Office of Federal Operations ("OFO"). *See* EEOC Appeal No. 0120161568.

18.     On or about September 20, 2017, the OFO issued a Decision affirming the FAD. Mr. Chapman received the OFO's decision on September 25, 2017. *See Id.*

19.     On or about October 25, 2017, Mr. Chapman timely filed a Request for Reconsideration. *See Id.*

*20.*     On or about April 2, 2018, Mr. Chapman received the OFO's Decision on Request for Reconsideration. *See Id.*

21.     Plaintiff hereby timely filed his action within 90 days after receipt of the OFO's Decision on Request for Reconsideration.

## **FACTS**

22.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs, as if fully set forth herein.

23.     At all times relevant to the claims made herein, Plaintiff was an employee of the Internal Revenue Service (IRS), Office of Professional Responsibility (OPR) in Washington, DC.

24.     Mr. Chapman has worked for the IRS for 16 years and has been working with Circular 230 for much of that time.

25.     Mr. Chapman possesses and has exhibited expert level knowledge of the legal issues handled by the IRS OPR, Legal Analysis Branch (LAB).

26.     In or around February 2012, Mr. Chapman was promoted to Front-Line Manager (Supervisory Attorney), IR-0905-04.

27.     His first line supervisor was Mr. John Manhire (Mixed Race Ojibwe/Caucasian, Male), Chief of Legal Analysis Branch (LAB).  His second line supervisor was Deputy Director Denise Fayne (African-American, Female).

28.     During the time that Mr. Chapman was promoted, Ms. T. M. (African-American, Female) was also promoted to a Front-Line Manager position within the OPR.

29.     Deputy Director Fayne admitted that, as of February 2012, she thought he was a much stronger candidate for the first line supervisor position than Ms. T. M. because of his superior substantive knowledge and his superior people skills.

30.     In or around March 11, 2012, Mr. Chapman received his first feedback from his supervisor, Mr. Manhire, was that he was going in "exactly the direction I was hoping."

31.     On May 2, 2012, Ms. Fayne issued Mr. Chapman a Letter of Reprimand for being AWOL on April 13, 2012.

32.     Mr. Chapman contested the AWOL determination.

33.     In the same Letter of Reprimand, Mr. Chapman was also reprimanded for recovering files Ms. T.M. had improperly kept in her office from February to April 2012, on April 11, 2012.

34.     From February through April 2012, a number of files assigned to employees under Mr. Chapman's supervision were noted as missing on the inventory reports.

35.     Despite Ms. T.M. adamantly denying that she had the files, at least one of the files was discovered in Ms. T.M.'s office on or near April 11, 2012.

36.     Ms. T.M. lost several hundred pages of files in her possession.  She was never disciplined.

37.     During July 2012, Mr. Chapman discussed with Mr. Manhire the development of case review procedures for informal feedback by first line managers (Mr. Chapman and Ms. T.M.).  He drafted some examples based on two cases then assigned to Kathy Mullins.

38.     On August 6, 2012, Manhire congratulated Mr. Chapman and Ms. T.M. because the case spreadsheet finally had "zero errors."

39.     During a meeting on or near August 10, 2012, Mr. Chapman mentioned his case review project to Ms. Fayne and Mr. Manhire.  Mr. Chapman had handwritten several of the case reviews. During this meeting, they asked him for additional examples, which he then typed.

40.     Mr. Manhire then accused Mr. Chapman of lying because he had not typed them earlier.

41.     Rather than discuss the matter, they called in Treasury Inspector General for Tax Administration (TIGTA) agents and barred Mr. Chapman from the building based that the "threat" that he might destroy "evidence" of when he wrote the reviews.

42.     In or around August 2012, Mr. Chapman was falsely accused of lying and was removed from his job duties for sixteen months after he attempted to initiate a new case review tool.

43.     Mr. Chapman was placed on administrative leave while the TIGTA investigated him.

44.     While Mr. Chapman was on administrative leave, Mr. Chapman was barred from entering the building because some of the employees allegedly feared how he would behave. There was and continues to be no basis for this allegation.

45.     During September 2012, Mr. Chapman was notified that he was not selected for the Attorney Advisor, GS-905-15, position.

46.     Rostaslav Shiller, a white male that was a personal friend of Mr. Manhire from the Taxpayer Advocate's Office, was selected and started the job on October 16, 2012, despite having no experience in the OPR and very little knowledge of Circular 230.

47.     Based on information and belief, Mr. Thomas Curtin, a White Male, was selected to replace Mr. Chapman when he was relieved of his duties in August 2012, and on a more permanent basis in January 2013.

48.     Ms. Karen Hawkins (White Female), Director of OPR, was the subject matter expert for all lawyers and paralegals and signed all technical correspondence.  Ms. Hawkins communicated to Ms. Fayne and Mr. Manhire that Mr. Chapman's team was not performing and that he was not reviewing their work.

49.     Mr. Chapman was notified during October 2012 that he had failed to successfully complete his probationary period due to alleged deficient performance.

50.     When Mr. Chapman tried to return in October, as required by Director Hawkins, he was barred by security based on patently false reports by Ms. Fayne that Ms. McGee was afraid of what he might do.  Although the TIGTA investigation confirmed that he did not lie to management, he was finally suspended for 30 days from November 2 to December 2, 2013 for failing to report that a subordinate had backdated an e-mail in an ill-advised effort to support Mr. Chapman.

51.     Mr. Chapman was removed from his position and returned to his Attorney Advisor, GS-904-14 position.

52.     On January 25, 2013, Mr. Chapman was issued a rating of "Not Met" for his Supervisory Attorney, IR-905-14, position.

53.     In the spring of 2012, Office of Personnel Senior Counsel Laura Zelman started reviewing all work by team members before it would go to Mr. Manhire.  Mr. Manhire thereafter conducted a review before sending the matter to OPR Director Karen Hawkins for signature.

54.     Ms. Zelman was the attorney who reviewed all work product from both the Chapman team and the T.M. team, before either Mr. Manhire or Ms. Hawkins saw it.

55.     Ms. Zelman stated quite clearly that Mr. Chapman was a superior manager in comparison to Ms. T.M.:

> Overall, I believe that Mr. Chapman was a very good manager who was liked and trusted by his employees and colleagues. As the Reviewer of all cases in OPR, I was in a unique role to observe their work. In addition, Mr. Manhire asked me to report back to him my impressions of how the new managers were doing. I told him that insofar as case reviews were concerned, Ms. T.M. was contributing absolutely nothing. She forwarded all her employee cases to Review without any input or indication that she had even looked through the file. By contrast, Mr. Chapman reviewed his employee's work, and added comments that assisted me in performing a quality review. He

was particularly good at analyzing financial statements due to his experience as a Revenue Agent, and at times discovered significant details that nobody else noticed.

56.    Based on a Disciplinary Order dated December 30, 2013, Ms. T.M. had a long and consistent history of integrity, personality and performance problems that went unpunished at the OPR.  Based on information and belief, before she joined the IRS, she stole client funds and lied about it to a court – two acts that led to formal bar charges in 2010 and to her disbarment in December 13, 2013.

57.    Based on information and belief, Ms. T.M. also lied to agents for TIGTA about misconduct in connection with taking OPR files while she claimed to be working from home in 2011 and leaving them on a "party bus" en route to Atlantic City New Jersey, where they were subsequently found by the cleaning crew.

58.    Based on information and belief, Ms. T.M. was only ever given a "written counseling" for this incident and was promoted after management learned of her conduct.

## CAUSES OF ACTION

### COUNT ONE
### (Discrimination on the Basis of Race)

59.    Mr. Chapman incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

60.    As an African American, Plaintiff is a member of a protected class.

61.    Because of his race (African American), Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint, including but not limited to: receiving a Letter of Reprimand for being AWOL and recovering missing files from a co-worker's office; being accused of lying; having his superiors call TIGTA and have him barred from the building because Plaintiff might destroy "evidence" of the alleged lie and was

considered a "threat"; being placed on Administrative Leave while he was investigated and being barred from the building for 16 months; being suspended from November 2 to December 2, 2013; being removed from his Attorney Advisor GS-904-14 position; and receiving a "Not Met" rating in January 2013, in violation of Title VII.

62.     Defendant's foregoing unlawful adverse actions materially affected the terms, privileges and conditions of Plaintiff s employment since he had a significant change in his duties and responsibilities.

63.     Defendant knew that Plaintiff is African American prior to subjecting Plaintiff to the aforementioned material adverse employment actions and was aware of the discrimination Plaintiff was subjected to because of his race (African American).

64.     Plaintiff has been treated differently and subjected to different terms and conditions of his employment due to his race (African American).

65.     Defendant has limited, segregated, and classified Plaintiff in a way that deprived him of employment opportunities and otherwise adversely affected his status as an employee because of his race (African American).

66.     As stated above, other employees who were similarly situated, but members of a different class than Plaintiff, have been treated more favorably then Plaintiff in the terms and conditions of employment.

67.     Plaintiff's race (African American) was a determining factor in Defendant's unlawful conduct toward Plaintiff.

68.     Plaintiff's race (African American) was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

69.     The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

70.     Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless, and in callous disregard of the rights of Plaintiff because of his race (African American).

71.     Defendant discriminated against Plaintiff because of his race (African American) by engaging in, tolerating or failing to prevent discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

72.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages - including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs - and is entitled to all available legal and equitable remedies.

73.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature. Further, Defendant's treatment and actions were ongoing.

74.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

        **WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

        a.      Award compensatory damages;

        b.       Award damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional

potential, reputation, lost wages, lost job benefits he would have received but for Defendant's unlawful conduct;

c.      Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d.      Award reasonable attorneys' fees, costs, and expenses incurred for this action;

e.      Require Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

f.      Require Supervisory training for the supervisors at issue herein;

g.      Award equitable, declaratory, and injunctive relief; and

h.      Award such other and further relief as this Honorable Court deems just and proper.

**<u>COUNT TWO</u>**
**(Discrimination on the Basis of Sex)**

75.    Mr. Chapman incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

76.    Plaintiff is a member of a protected class in that he is male.

77.    Because of his sex (Male), Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint, including but not limited to: receiving a Letter of Reprimand for being AWOL and recovering missing files from a co-worker's office; being accused of lying; having his superiors call TIGTA and have him barred from the building because Plaintiff might destroy "evidence" of the alleged lie and was considered a "threat"; being placed on Administrative Leave while he was investigated and being barred from the building for 16 months; being suspended from November 2 to December 2, 2013; being removed

from his Attorney Advisor GS-904-14 position; and receiving a "Not Met" rating in January 2013, in violation of Title VII.

78.     Defendant's foregoing unlawful adverse actions materially affected the terms, privileges and conditions of Plaintiff's employment since he had a significant change in his duties and responsibilities.

79.     Defendant knew that Plaintiff is a male prior to subjecting Plaintiff to the aforementioned material adverse employment actions and was aware of the discrimination Plaintiff was subjected because of his sex (Male).

80.     Plaintiff has been treated differently and subjected to different terms and conditions of his employment due to his sex (Male).

81.     Defendant has limited, segregated, and classified Plaintiff in a way that deprived him of employment opportunities and otherwise adversely affected his status as an employee because of his sex (Male).

82.     As stated above, other employees who were similarly situated, but members of a different class than Plaintiff, have been treated more favorably then Plaintiff in the terms and conditions of employment.

83.     Plaintiff's sex (Male) was a determining factor in Defendant's unlawful conduct toward Plaintiff.

84.     Plaintiff's sex (Male) was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

85.     The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

86.     Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless, and in callous disregard of the rights of Plaintiff because of his sex (Male).

87.     Defendant discriminated against Plaintiff because of his sex (Male) by engaging in, tolerating or failing to prevent discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

88.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages - including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs - and is entitled to all available legal and equitable remedies.

89.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature. Further, Defendant's treatment and actions were ongoing.

90.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

i.      Award compensatory damages;

j.      Award damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits he would have received but for Defendant's unlawful conduct;

k.      Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

l.      Award reasonable attorneys' fees, costs, and expenses incurred for this action;

m.      Require Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

n.      Require Supervisory training for the supervisors at issue herein;

o.      Award equitable, declaratory, and injunctive relief; and

p.      Award such other and further relief as this Honorable Court deems just and proper.

## COUNT THREE
### (Hostile Work Environment)

91.      Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

92.       As a result of Plaintiffs protected classes (race (African American) and sex (Male)), Plaintiff's supervisors routinely humiliated Plaintiff and engaged in persistent pattern of severe and pervasive harassment as set forth herein, which created a hostile and offensive workplace environment in violation of Title VII.

93.      Plaintiff was regularly and continually subjected to harassing conduct as alleged throughout this Complaint, including but not limited to receiving a Letter of Reprimand for being AWOL and recovering missing files from a co-worker's office; being accused of lying; having his superiors call TIGTA and have him barred from the building because Plaintiff might destroy "evidence" of the alleged lie and was considered a "threat"; being placed on Administrative Leave while he was investigated and being barred from the building for 16 months; being

suspended from November 2 to December 2, 2013; being removed from his Attorney Advisor GS-904-14 position; and receiving a "Not Met" rating in January 2013, which created a hostile and abusive work environment.

94.     Plaintiff believes that he was subjected to a hostile work environment based on his race (African American) and/or sex (Male).

95.     Defendant's unlawful conduct was unwelcome.

96.     Defendant's deliberate conduct of the adverse actions referred to throughout this Complaint created a hostile and abusive work environment.

97.     Plaintiff was subjected to harassment because race (African American) and/or sex (Male), and it unreasonably interfered and affected a term, condition, or privilege of Plaintiff's employment.

98.     Defendant knew or should have known of the harassment. Defendant failed to adequately investigate the harassment and took no effective, immediate or remedial action. Despite Plaintiff's complaints, the harassment continued unabated and increased over time.

99.     By failing to take appropriate and effective remedial action against Plaintiff's supervisors, Defendant acted with malice or with reckless or callous indifference to Plaintiff's complaints.

100.    As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including, but not limited to, past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs - and is entitled to all available legal and equitable remedies.

101.    Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature. Further, Defendant's treatment and actions were ongoing.

102.    Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.      Award compensatory damages;

b.      Award damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits he would have received but for Defendant's unlawful conduct;

c.      Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d.      Award reasonable attorneys' fees, costs, and expenses incurred for this action;

e.      Require Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

f.      Require Supervisory training for the supervisors at issue herein;

g.      Award equitable, declaratory, and injunctive relief; and

h.      Award such other and further relief as this Honorable Court deems just and proper.

**EQUITABLE RELIEF**

103.    Plaintiff incorporates by reference to, all facts, law, and/or allegations contained in the preceding paragraphs, as if fully set forth herein.

104.    Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present clear and present dangers to the employees of Defendant and could result in further illegal actions on the part of Defendant, by and through its agents, servants and employees.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.    Order the Defendant to institute a policy and procedure advising its employees about anti-discrimination laws and implementing enforcement mechanisms;

b.    Order Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

c.    Order Supervisory training for the supervisors at issue herein; and

d.    Award such other and further relief as this Honorable Court deems just and proper.

**JURY DEMAND**

105.    Plaintiff demands a trial by jury on all issues set forth herein.

Dated:
June 29, 2018                                        Respectfully submitted,


By:    _/s/ Stephanie Rapp-Tully, Esq.___
Stephanie Rapp-Tully (D.C. Bar 1016900)
Tully Rinckey, PLLC

815 Connecticut Ave., N.W.
Suite 720
Washington, DC 20006
(202) 787-1900
SRappTully@fedattorney.com

*Counsel for Plaintiff William Chapman*